Leonard M. Shulman - Bar No. 126349
Ryan D. O'Dea - Bar No. 273478
Brooke S. Thompson – Bar No. 349216
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: LShulman@shulmanbastian.com
ROdea@shulmanbastian.com
BThompson@shulmanbastian.com

Attorneys for Plaintiffs

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br>**MANNING LAND COMPANY, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,**<br>Debtor in Possession. | Case No. 2:24-bk-16757-VZ<br>Jointly Administered with:<br>Case No. 2:24-bk-16758-VZ<br>Case No. 2:24-bk-16759-VZ<br>Case No. 2:24-bk-16760-VZ<br>Case No. 2:24-bk-16761-VZ<br>Case No. 2:24-bk-16762-VZ |
| **SALVATORE ANTHONY DIMARIA AKA SALVATORE A. DIMARIA AKA SALVATORE DIMARIA DBA DIMARIA CATTLE, MANNING'S BEEF, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, CHARLIE DIMARIA & SON INC., A CALIFORNIA CORPORATION, RNCK, INC., A NEW YORK CORPORATION, AND ADD ENTERPRISES, INC. A DELAWARE CORPORATION,**<br>Plaintiffs,<br>vs.<br>**LINKUN INVESTMENTS, INC., A CALIFORNIA CORPORATION, AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.**<br>Defendants. | Chapter 11<br>Adv. Case No.<br>**COMPLAINT FOR:**<br>1. **AVOIDANCE OF PREFERENTIAL TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 547, 550];**<br>2. **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551];**<br>3. **TURNOVER OF PROPERTY BY A CUSTODIAN [11 U.S.C. §543];**<br>4. **TURNOVER OF PROPERTY [11 U.S.C. §542]; AND**<br>5. **PRELIMINARY INJUNCTION** |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

1

Plaintiffs Salvatore Anthony DiMaria aka Salvatore A. DiMaria aka Salvatore DiMaria dba DiMaria Cattle, Manning's Beef, LLC, a California Limited Liability Company, Charlie DiMaria & Son Inc., a California corporation, RNCK, Inc., a New York corporation, and ADD Enterprises, Inc. a Delaware Corporation (each individually a "Plaintiff" or "Debtor" and collectively "Plaintiffs" or "Debtors"), do hereby complain and allege as follows:

## PARTIES

1. Plaintiff Salvatore Anthony DiMaria aka Salvatore A. DiMaria aka Salvatore DiMaria dba DiMaria Cattle ("DiMaria Cattle") is now, and at all times relevant to this complaint ("Complaint"), a resident of the state of New York, county of Nassau, and doing business within the State of California.

2. Plaintiff Manning's Beef, LLC ("Manning's Beef") is a California limited liability company with its principal place of business in the County of Los Angeles, California. Manning's Beef is a service company.

3. Plaintiff Charlie DiMaria & Son Inc. ("Charlie DiMaria") is a California corporation with its principal place of business in the County of Los Angeles, California. Charlie DiMaria is an abattoir.

4. Plaintiff RNCK, Inc. ("RNCK") is a New York corporation, with its principal place of business in the County of Los Angeles, California. RNCK is a rendering business.

5. Plaintiff ADD Enterprises, Inc. a Delaware Corporation ("ADD Enterprises"), is a corporation organized and existing under the laws of the State of Delaware and conducting business within the state of California.

6. Defendant Linkun Investments, Inc. ("Linkun") is a California Corporation with its principal place of business in the County of Orange, California. Linkun is an investment broker.

7. Defendant Los Angeles County Sheriff's Department ("LACSD") is a public entity existing within the state of California, county of Los Angeles.

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

2

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 in that this proceeding arises in and is related to the Chapter 11 bankruptcy case pending in the United States Bankruptcy Court of the Central District of California, Los Angeles Division ("Bankruptcy Court"), entitled I*n re Manning Land Company, LLC, a California Limited Liability Company*, Case No. 2:24-bk-16757-VZ on the Bankruptcy Court's docket ("Bankruptcy Case"), as well as those cases with which the Bankruptcy Case is being jointly administered, which were each filed on August 22, 2024 ("Petition Date").

9. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the Estate), (b)(2)(E) (orders to turnover property of the estate), and (b)(2)(F) (proceedings to determine, avoid, or recover preferences). To the extent any claims are determined not to be a core proceeding or constitute a Stern-claim, Plaintiffs consent to an entry of final judgment and orders by the Bankruptcy Court.

10. Venue is proper with this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL ALLEGATIONS**

11. Plaintiffs purchase livestock, specifically cattle, for slaughter and then process the cattle and prepare the meat for sale.

12. Plaintiffs are bonded "packers" within the meaning of the Packers and Stockyards Act of 1921, as amended and supplemented, 7 U.S.C. § 181 et seq.

13. On or about February 8, 2024, Linkun Investment Inc. ("Linkun") procured a judgment against Plaintiffs in the amount of $7,438,178.50 ("Judgment") resulting from a case filed in Los Angeles County Superior Court.

14. For several months after Linkun secured the Judgment, Plaintiffs endeavored to negotiate a workout with Linkun.

15. When settlement negotiations failed, Linkun commenced aggressive collection efforts against Plaintiffs, including levying over $600,000.00 from Plaintiffs' bank accounts.

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

3

16. The following transfers from Plaintiffs' accounts occurred within the ninety (90) days preceding the Petition Date:

    a. <u>Transfers from Manning's Beef</u>:

| Transfer No. | Date | Amount | Account No. |
|---|---|---|---|
| 1 | July 2, 2024 | $30,066.48 | Account -0467 |
| 2 | July 3 2024 | $11,620.96 | Account -5844 |
| 3 | July 3, 2024 | $10,732.15 | Account -5912 |
| 4 | July 3, 2024 | $3.93 | Account -8439 |
| 5 | August 6, 2024 | $32,271.77 | Account -0467 |
| 6 | August 6, 2024 | $22,102.41 | Account -5844 |
| 7 | August 6, 2024 | $6,401.04 | Account -5912 |
| 8 | August 6, 2024 | $46.97 | Account -8439 |

Total: $113,245.71 ("<u>Manning's Beef Transfers</u>")

    b. <u>Transfers From Charlie DiMaria</u>:

| Transfer No. | Date | Amount | Account No. |
|---|---|---|---|
| 1 | July 2, 2024 | $23,841.69 | Account -5873 |
| 2 | August 6, 2024 | $49,293.89 | Account -5873 |

Total: $73,135.58 ("<u>Charlie DiMaria Transfers</u>")

    c. <u>Transfers From RNCK</u>:

| Transfer No. | Date | Amount | Account No. |
|---|---|---|---|
| 1 | July 2, 2024 | $35,825.38 | Account -5886 |
| 2 | August 6, 2024 | $30,800.03 | Account -5886 |

Total: $66,625.41 ("<u>RNCK Transfers</u>")

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

4

d. <u>Transfers From ADD Enterprises:</u>

| <u>Transfer No.</u> | <u>Date</u> | <u>Amount</u> | <u>Account No.</u> |
|---|---|---|---|
| 1 | July 2, 2024 | $124,865.87 | Account -5899 |
| 2 | August 6, 2024 | $143,943.01 | Account -5899 |

Total: $268,808.88 ("<u>ADD Enterprises Transfers</u>")

e. <u>Transfers From DiMaria Cattle:</u>

| <u>Transfer No.</u> | <u>Date</u> | <u>Amount</u> | <u>Account No.</u> |
|---|---|---|---|
| 1 | July 11, 2024 | $104,870.21 | Account -0773 |
| 2 | August 6, 2024 | $1,220.07 | Account -8316 |

Total: $106,090.28 ("<u>DiMaria Cattle Transfers</u>")

(Manning's Beef Transfers, Charlie DiMaria Transfers, RNCK Transfers, ADD Enterprises Transfers, and DiMaria Cattle Transfers collectively referred to as the "<u>Transfers</u>"). The aggregate total of the Transfers is $627,905.86.

17. At the time of the Transfers, Plaintiffs, and each of them, were insolvent as that term is defined by 11 U.S.C. § 101(32).

18. Bank of America held the Transfers for several weeks before sending them to LACSD for disbursement to Linkun. Per LACSD records, LACSD received the following Transfers:

a. $104,870.21 on July 18, 2024;

b. $23,841.69 on August 12, 2024;

c. $35,825.38 on August 16, 2024;

d. $124,865.87 on August 16, 2024;

e. $52,423.52 on August 16, 2024;

f. $1,220.07 on August 26, 2024;

g. $30,800.03 on August 27, 2024;

h. $49,293.89 on August 27, 2024;

i. $143,943.01 on August 27, 2024;

j. $60,822.19 on August 28, 2024.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

5

19. Immediately after the Petition Date, Plaintiffs' counsel contacted Linkun and LACSD and provided notice of the Bankruptcy Case to initiate the return of the Transfers. Despite Plaintiffs' efforts, LACSD refused to return the Transfers to Plaintiffs.

# FIRST CLAIM FOR RELIEF

## (Avoidance And Recovery of Preferential Transfers

## [11 U.S.C. §§ 547 and 550] against Linkun)

20. Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

21. The Transfers were a transfer of an interest of Plaintiffs in property.

22. Within ninety (90) days of the Petition Date, Linkun received the Transfers, which are currently being held by LACSD.

23. The Transfers were made for the benefit of one of Plaintiffs' creditors, Linkun.

24. The Transfers were made for or on account of an antecedent debt owed to Linkun pursuant to the Judgment. For the sake of clarity, Plaintiffs' dispute that any amounts are owed to Linkun and Plaintiffs are currently pursuing an appeal of the Judgment.

25. The Transfers were made while Plaintiffs were insolvent, as that term is defined by 11 U.S.C. § 101(32).

26. The Transfers enabled Linkun to receive more than it would have received as a creditor if: (a) the Transfers had not been made; and (2) Linkun received payment of the debt it was owed to the extent provided under Title 11 of the United States Code.

27. Plaintiffs are informed, believe, and based thereon allege that interest on the Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Transfers were made.

28. Based on the foregoing, Plaintiffs may avoid the Transfers and recover the equivalent value of said Transfers from Linkun, for whose benefit the Transfers were made, pursuant to 11 U.S.C. §§ 547 and 550.

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

6

## SECOND CLAIM FOR RELIEF

### (Preservation of Avoided Transfers [11 U.S.C. §551] against Linkun)

29. Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

30. Plaintiffs allege that Linkun received avoidable transfers (i.e. the Transfers).

31. Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of Plaintiffs' estates.

## THIRD CLAIM FOR RELIEF

### (Turnover of Property By a Custodian [(11 U.S.C. § 543] against LACSD)

32. Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

33. In the alternative, if the Transfers are not found to be preferential transfers within the meaning of 11 U.S.C. §547, Plaintiffs seek turnover of the Transfers under 11 U.S.C. § 543.

34. Plaintiffs allege that, to the extent that LACSD is or believe themselves to be custodians over the Transfers, LACSD is required by 11 U.S.C. § 543 to deliver to Plaintiffs all of the Transfers and account for same in that LACSD has knowledge of the Bankruptcy Case.

35. LACSD does not have Plaintiffs' consent to be in possession of the Transfers.

36. Pursuant to 11 U.S.C. § 543, Plaintiffs are entitled to turnover of the Transfers held by LACSD.

## FOURTH CLAIM FOR RELIEF

### (Turnover of Property [11 U.S.C. § 542] against LACSD)

37. Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

38. In the alternative, if the Court finds that the Transfers are not preferential transfers within the meaning of 11 U.S.C. §547, and that LACSD is not a custodian, Plaintiffs seek turnover under 11 U.S.C. § 542.

39. Plaintiffs allege that LACSD is wrongfully in possession of the Transfers, and LACSD does not have Plaintiffs' consent to be in possession of same.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

7

40. Pursuant to 11 U.S.C. § 542, Plaintiffs are entitled to turnover of the Transfers held by LACSD.

### FIFTH CLAIM FOR RELIEF

**(Preliminary Injunction against all Defendants)**

41. Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

42. Plaintiffs seek an injunction of this Bankruptcy Court against Defendants requiring immediate turnover of the Transfers. Without injunctive relief, Plaintiffs will be irreparably injured through the improper withholding of assets belonging to Plaintiffs' bankruptcy estates. Failure to turnover the Transfers severely inhibits and/or prevents Plaintiffs from conducting their business operations, unfairly prejudices Plaintiffs' creditors, and jeopardizes the viability of Plaintiffs' Chapter 11 bankruptcy cases.

### SIXTH CLAIM FOR RELIEF

**(Preliminary Injunction against all Defendants)**

43. Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

44. In the alternative, Plaintiffs seek an injunction from this Bankruptcy Court preventing Defendants from disbursing the Transfers that are in Defendants' possession, custody, or control pending resolution of the dispute between Plaintiffs and Defendants.

### PRAYER

**WHEREFORE**, Plaintiffs pray for judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. That the Transfers identified herein are avoided as preferential transfers under 11 U.S.C. § 547;

2. That Plaintiffs shall recover from Linkun or any immediate or mediate transferee of Linkun the Transfers and any other avoided transfers discovered after the date of this Complaint under 11 U.S.C. § 550;

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

8

3. For the value of the Transfers, together with interest thereon at the legal rate from the date of each of the Transfers.

### ON THE SECOND CLAIM FOR RELIEF

4. That the Transfers are avoided and shall be preserved for the benefit of Plaintiffs' estates pursuant to 11 U.S.C. § 551.

### ON THE THIRD CLAIM FOR RELIEF

5. Compelling the return of the Transfers in the possession of LACSD to Plaintiffs.

### ON THE FOURTH CLAIM FOR RELIEF

6. Compelling the return of the Transfers in the possession of LACSD to Plaintiffs.

### ON THE FIFTH CLAIM FOR RELIEF

7. Compelling the return of the Transfers in the possession of Defendants to Plaintiffs.

### ON THE SIXTH CLAIM FOR RELIEF

8. For preliminary and permanent injunctive relief as may be necessary to prevent Defendants from dissipating the Transfers during the pendency of this action and thereafter and to preserve the possibility of effective final, permanent relief.

### ON ALL CLAIMS FOR RELIEF

9. For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

10. For such other and further relief as the Court deems just and proper.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: September 11, 2024        By:    /s/ Brooke S. Thompson
                                        Leonard M. Shulman
                                        Ryan D. O'Dea
                                        Brooke S. Thompson
                                        Attorneys for Plaintiffs

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Complaint v2 .docx

9

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>SALVATORE ANTHONY DIMARIA AKA SALVATORE A. DIMARIA AKA SALVATORE DIMARIA DBA DIMARIA CATTLE, MANNING'S BEEF, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, CHARLIE DIMARIA & SON INC., A CALIFORNIA CORPORATION, RNCK, INC., A NEW YORK CORPORATION, AND ADD ENTERPRISES, INC. A DELAWARE CORPORATION | **DEFENDANTS**<br>LINKUN INVESTMENTS, INC., A CALIFORNIA CORPORATION, AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>Brooke S. Thompson<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR: 1. AVOIDANCE OF PREFERENTIAL TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 547, 550]; 2. PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; 3. TURNOVER OF PROPERTY BY A CUSTODIAN [11 U.S.C. §543]; 4. TURNOVER OF PROPERTY [11 U.S.C. §542]; AND 5. PRELIMINARY INJUNCTION

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
[2] 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Manning Land Company, LLC ||| BANKRUPTCY CASE NO.<br>2:24-bk-16757-VZ |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles Division || NAME OF JUDGE<br>Hon. Vincent P. Zurzolo |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Brooke S. Thompson ||||
| DATE<br>09/11/2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brooke S. Thompson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.